**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:21-CR-00135 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| | ) | |
| ALEX ACEVEDO | ) | |

**ORDER**

As noted in the order accompanying Court Set 1 of the revised jury instructions, and briefly discussed at the end of the trial day on Friday, January 27, 2023, the Court floated the idea of providing more substance to the definition of materiality. For 26 U.S.C. § 7206(1), the current pattern instruction (2022 edition) defines material as follows: "A false matter is 'material' if the matter was capable of influence the Internal Revenue Service." As noted in the prior order, that formulation is arguably a bit vague, so the Court asked the parties to consider whether to use the formulation in the parenthetical cite contained in the Committee Comment, specifically, a "false statement is material when it has the potential for hindering the IRS's efforts to monitor and verify the tax liability of the taxpayer." Committee Comment (citing and quoting *United States v. Pree*, 408 F.3d 855, 873 (7th Cir. 2005)).

On further research, the Court makes two more points. First, a more recent case approved a definition that might be even more suitable in giving content to the materiality definition. In *United States v. Simon*, the Seventh Circuit held that there was no error in giving the following definition, which "came from the Seventh Circuit Pattern Instructions":

> A line on a tax return is a material matter if the information required to be reported on that line is capable of influencing the correct computation of the amount of tax liability of the individual or the verification of the accuracy of the return.

*United States v. Simon*, 727 F.3d 682, 698 (7th Cir. 2013). This is even more concrete that the concept of "hindering the IRS's efforts to monitor" tax liability (the

formulation in *Pree*). Although *Simon* said that the instruction "came from" the pattern instructions, it might be that the opinion was not saying that the instruction was word-for-word from the Pattern Instructions. The Court has reviewed the 2013 version of the pattern instructions, and the § 7206 materiality definition it is the same as the current definition. In any event, the point is that the instruction approved by *Simon* seems like a more helpful and concrete definition for the jury.

Second, the Court notes that the element of materiality does not require that the government show proof of a tax deficiency. *United States v. Presbitero*, 569 F.3d 691, 699 (7th Cir. 2009) ("a section 7206(1) conviction does not require proof of a tax deficiency") (citing *Peters*, 153 F.3d at 461). The parties should consider whether that explanation should be provided to the jury as well.

These two points will be discussed at the instructions conference, and the Court flags them now also so that the lawyers can be prepared for closing arguments.

ENTERED:

                                    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 28, 2023